UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

P.O. BOX 7336
100 SOUTH CLINTON STREET
SYRACUSE, NEW YORK 13261-7336

CHAMBERS OF
NORMAN A. MORDUE
JUDGE

TEL: 315-234-8570

January 12, 2006

Richard L. Weber, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202-1355

Maria Moran, Esq.
Office of Attorney General - Syracuse Office
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

Re: *Garrett v. Reynolds, et al.*
9:99-CV-2065 (NAM/GJD)

Counselors:

This Letter Order constitutes the Court's response to defendants' letter motion in limine. Defendants argue that plaintiff failed to exhaust his administrative remedies with regard to several allegedly retaliatory events occurring in 1998, 1999, and 2000 and seek to preclude plaintiff from testifying at trial about those incidents. The appropriate relief for failure to exhaust administrative remedies, a condition precedent to suit, however, is dismissal of the claim. *See* 42 U.S.C. § 1997e(a) (stating "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Defendants do not request such relief in the instant motion in limine. Indeed, such a request should be made in a motion to dismiss or a motion for summary judgment. Even if preclusion was an appropriate form of relief, defendants have adduced no evidence in support of their argument. Moreover, plaintiff has argued that defendants' retaliatory conduct rendered the grievance process unavailable - a plausible counter argument. *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) ("Depending on the inmate's explanation for the alleged failure to exhaust, the court must ask whether administrative remedies were in fact 'available' to the prisoner."). Accordingly, defendants' motion in limine is denied.

Defendants also request an order precluding plaintiff from testifying about the above referenced incidents because defendants were not personally involved in the allegedly retaliatory conduct. Defendants have not submitted any evidence in support of this argument. Further, the Court, finding questions of fact, previously denied defendants' motion for summary judgment on this issue, and finds no basis, at this point, to limit plaintiff's testimony. To the extent defendants argue the

incidents are irrelevant, they may renew their motion at trial. Accordingly, defendants' motion is denied without prejudice.

Defendants also seek to preclude plaintiff from adducing evidence regarding an allegation that his property was lost or damaged on or about October 8, 1999, on the basis that this claim was resolved when plaintiff accepted $75.00 and signed a release with respect to the incident on December 13, 1999. Plaintiff has not opposed this aspect of defendants' motion. Accordingly, defendants' motion to preclude plaintiff from adducing evidence regarding the incident on October 8, 1999, is granted.

Finally, plaintiff requests an order directing defendants to provide additional detail regarding the proposed trial testimony of their witnesses. Plaintiff has already, at defendants' behest, given defendants more detail regarding the trial testimony of his witnesses. Defendants uniformly indicate that each of their witnesses, except for James Lovelace, "will testify regarding his duties with the N.Y.S. Department of Correctional Services during the relevant time period, departmental policies, procedures, and conditions, as well as his involvement in the claims made by the plaintiff in this case." Accordingly, the Court directs defendants, within seven (7) calendar days of the date of this Letter Order, to provide additional detail regarding the testimony of their witnesses.

**IT IS SO ORDERED.**

                                      Very truly yours,

                                      Norman A. Mordue
                                      U.S. District Judge